IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs. Cr. No. 21-524 MLG

**LUIS MARISCAL-LOPEZ**

Defendant.

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **LUIS MARISCAL-LOPEZ**, and Defendant's counsel, Ryan Villa and Sarah Gorman:

**REPRESENTATION BY COUNSEL**

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

**RIGHTS OF THE DEFENDANT**

2. The Defendant further understands the Defendant's rights:

a. to plead not guilty, or having already so pleaded, to persist in that plea;

b. to have a trial by jury; and

c. at a trial:

1) to confront and cross-examine adverse witnesses,

2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

**WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to Count 1 of the indictment charging a violation of 18 U.S.C. § 1201(c), that being Conspiracy to Commit Kidnapping.

**SENTENCING**

4. The Defendant understands that the maximum penalty provided by law for this offense is:

a. imprisonment for a period of up to life in prison;

b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c. a term of supervised release of not more than five years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d. a mandatory special penalty assessment of $100.00; and

e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 1201(c), that being, Conspiracy to Commit Kidnapping

*First*: The Defendant agreed with at least one other person to violate the law;

*Second*: One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

*Third*: The Defendant knew the essential elements of the conspiracy;

*Fourth*: The Defendant knowingly and voluntarily participated;

*Fifth*: There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

**DEFENDANT'S ADMISSION OF FACTS**

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**At the end of 2017 and in early 2018, I would stay the night at 302 McKracken Lane, Espanola, New Mexico. Several other individuals would also regularly stay the night there. Around the holidays, the homeowner, became enraged because someone stole money from her credit union account. The homeowner said she was going to get the person who stole from her. In early January, I found out that the homeowner obtained a picture of the person who used her ATM card to steal money from her credit union account and identified the person as Jane Doe. The homeowner showed everyone the picture of Jane Doe at the ATM machine and said that she was going to get her.**

On or around January 14, 2018, the day that Jane Doe was killed, I was in the home. Other individuals drove to Buffalo Thunder Resort and Casino to pick up Jane Doe after communicating with her over Facebook Messenger. The homeowner returned with Jane Doe to the house at McKracken and instructed everyone to handle it. I understood this to mean that the homeowner wanted us to beat up Jane Doe with her. When I got to the living room, Jane Doe was walking in, and we all began to assault her.

Jane Doe fell to the ground, and we continued to beat her up and strike her with various objects including a rifle butt and an axe handle. We tied Jane Doe to a plastic chair and drug her into an empty bedroom. The bedroom had plastic on the floor and part way up the walls that I previously helped put into place, knowing we intended to assault Jane Doe in this bedroom. In the bedroom, we continued to strike her, choke her, and another individual used a drill in her side, until Jane Doe died. Then, I helped wrap Jane Doe in plastic and to drag her body into the laundry room. A person arrived and helped me load Jane Doe's body in the trunk of a car.

A few days later, we loaded a truck with Jane Doe's body and camping supplies. Jane Doe's body was in the bed of the truck still wrapped in plastic and a blanket. We drove to a remote location near Velarde. I initially tried to dismember the body with a chain saw, but stopped after the saw got tangled in the blanket. We placed the body into a shallow pit dug into the ground and set the remains on fire using

**wood and gasoline. We also burned evidence and materials used to assault and kill Jane Doe in the fire. Later on, someone noticed a helicopter in the air near our location and we became concerned that law enforcement would find us. We used shovels to extinguish the fire and moved what remained of Jane Doe's body into a toolbox. We put the fire out and raked some dirt over the burn location. We left the area with the toolbox loaded with Jane Doe's remains, and drove back to the residence on McKracken.**

**I later learned the toolbox with remains stayed at the house on McKracken a few months. Then some individuals took the toolbox with the remains and buried it near a river south of Ojo Caliente. I was informed later that the homeowner died in a shootout with police in Colorado.**

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11. The United States and the Defendant recommend as follows:

a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific

sentence of 17 years of imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.

b. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

c. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

**DEFENDANT'S ADDITIONAL AGREEMENT**

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant's signing of this

plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

16. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek any sentence other than the specific sentence of 17 years of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.

**RESTITUTION**

17. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A if

applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C §§ 3663 and 3664. Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty, but may and should order restitution resulting from all of the Defendant's criminal conduct related to this case.

18. No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

**IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES**

19. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

20. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

21. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

22. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

23. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

24. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a. Following sentencing, the United States will move to dismiss Count 2.

b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment, or potential charges for assaulting corrections officers on August 1, 2023, at Cibola County Corrections Center.

25. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

**VOLUNTARY PLEA**

26. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

**VIOLATION OR REJECTION OF PLEA AGREEMENT**

27. The Defendant agrees that if the Court finds that the Defendant has violated any provision of this agreement, the United States may declare this agreement null and void. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution. If the Defendant has

pleaded guilty to any lesser-included offense(s), the Defendant's violation of this plea agreement will result in reinstatement of the greater offense(s). The Defendant waives any claim that the Defendant's guilty plea under the rejected agreement bars prosecution of any additional offenses on double-jeopardy grounds.

**SPECIAL ASSESSMENT**

28. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

29. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 1st day of November, 2023.

ALEXANDER M.M. UBALLEZ
United States Attorney

Nicholas J. Marshall
Caitlin L. Dillon
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Ryan Villa
Sarah Gorman
Attorneys for the Defendant

This agreement has been read to me in a language I understand. I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

Luis Mariscal lopez

**LUIS MARISCAL-LOPEZ**
Defendant